Submitted on record and briefs February 28, reversed and remanded October 15, 1986

## BROTHERS et al,
*Appellants,*

*v.*

## UNITED TRANSPORTATION UNION FUND et al,
*Respondents.*

## (83-2851-J-1; CA A35717)
726 P2d 936

John L. Hilts, Medford, filed the briefs for appellants.

Larry C. Hammack, Medford, filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs appeal a judgment dismissing their complaint for lack of subject matter jurisdiction on the basis that their claim is subject to the Railway Labor Act (RLA), 45 USC § 151 *et seq.* We reverse.

Plaintiffs are employes of Southern Pacific Transportation Company and were "held out of service" for alleged misconduct. The employer conducted a formal investigation, held a hearing and issued a formal charge letter. Plaintiffs requested review of the letter pursuant to the procedures for administrative review under the RLA, and the charges were upheld. The employer and the General Chairman of the United Transportation Union (UTU) reached an agreement allowing plaintiffs to return to work on a "leniency basis." Plaintiffs did not receive back wages, nor were the charges reversed or dismissed. Because an agreement was reached, plaintiffs did not take the final step in the administrative appeal process, which would have involved review of the case by the National Railroad Adjustment Board.

While still involved in the appeal process and before their reinstatement, plaintiffs requested benefits from the Job Benefit Fund, which had been established by UTU to provide benefits to members when "held out of service" by their employer. The fund denied the claims on the ground that its rules and regulations prohibited benefits to employes charged with insubordination, and plaintiffs sued for benefits. The charging letter filed against plaintiffs contained allegations of insubordination. The trial court granted defendants' motion to dismiss on the ground that the subject matter of the complaint was cognizable under the RLA and the state court therefore lacked jurisdiction.

■ Defendants argue that plaintiffs are precluded from a judicial remedy, because they failed to exhaust their administrative remedies under the RLA. The RLA was established so that minor disputes[1] between railroad companies and their employes could be resolved without resort to the courts, thus avoiding strikes by employes which would disrupt interstate

---

[1] A minor dispute is defined as a dispute "growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 USC § 151a(5).

commerce. Issues that fall within the RLA generally involve job status and collective bargaining agreements. If the employe's claim is based on wrongful discharge, the complaint involves a minor dispute, and the arbitration procedures under the RLA must be followed. *Andrews v. Louisville & Nashville R. Co.,* 406 US 320, 325, 92 S Ct 1562, 32 L Ed 2d 95 (1972); *Magnuson v. Burlington Northern, Inc.,* 576 F2d 1367, 1369 (9th Cir 1978). Judicial review after exhaustion of administrative remedies is provided for by the act.

■ We conclude that the RLA is inapplicable here. First, plaintiffs are suing the fund, not their employer. The RLA is specifically directed to the resolution of disputes between employer railroads and their employes. Defendants have not demonstrated that the fund has any relationship to the employer or that disputes involving the fund should be resolved under the RLA. Neither have they shown that the fund was established as part of the collective bargaining agreement, nor that it was established under the RLA. To the contrary, the evidence shows that the fund was created separately by the UTU. Membership is voluntary, and employes must contribute to it in order to receive benefits. The fund is not a representative of the employes and has no relationship to job status. *See Starr v. Brotherhood's Relief,* 268 Or 66, 518 P2d 1321 (1974).

More significantly, plaintiffs' claims are not based on wrongful discipline. They are not contesting the finding of insubordination, which was the basis for the disciplinary layoffs; they seek reformation of the rules and regulations of the fund as it relates to the denial of benefits because of insubordination. Defendants' contention that plaintiffs must exhaust their administrative remedies under the RLA therefore fails. The cases that they rely on all involved issues of job status between an employer and employe. The complaint in this case alleges claims for breach of contract, reformation of exceptions to the rules and regulations, breach of fiduciary relationship by the fund's administrator and money had and received. The claims are based in contract and tort and not on wrongful discipline. Therefore, the state court has jurisdiction.

Reversed and remanded.